So Ordered.
/s/ Judge Raymond J. Dearie

1/17/14

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RICHARD HECKERT, SEAN PLUCINIK and
PAUL EVEN, on Behalf of Themselves and All
Others Similarly Situated,

    Plaintiffs,

-against-

TRUGREEN LIMITED PARTNERSHIP,
TRUGREEN LANDCARE, LLC and
SERVICEMASTER,

    Defendants.

Index No. 13-cv-756 (RJD) (RLM)

**STIPULATION OF DISMISSAL WITHOUT PREJUDICE**

PLEASE TAKE NOTICE that the parties, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, hereby stipulate to the dismissal of the above-entitled action without prejudice. In connection with this stipulation, the parties represent:

1.     TruGreen Limited Partnership ("TruGreen") utilized the fluctuating workweek ("FWW") method of calculating overtime compensation for certain employees. *See* 29 C.F.R. § 778.114.

2.     This action is one of five collective action lawsuits to be filed in federal district courts challenging TruGreen's use of the FWW method under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). The other cases are *Matis, et al. v. TruGreen Limited Partnership, et al.*, No. 1:13-cv-133 (N.D. Ohio); *Mayfield, et al. v. TruGreen Limited Partnership, et al.*, No. 1:12-cv-00166 (W.D. Tex.); *Smith, et al. v. TruGreen Limited Partnership, et al.*, No. 2:13-cv-10412 (E.D. Mich.); and *Moyle, et al. v. TruGreen Limited Partnership, et al.*, No. 2:13-cv-00650 (E.D. Pa.).

3.     To promote judicial efficiency, and to avoid duplication, wasted resources, the risk of inconsistent decisions and unnecessary expense, the plaintiffs in this action (including the

named and "opt-in" plaintiffs) do hereby voluntarily dismiss this action without prejudice to their right to file written consents to join the *Matis* action as "opt-in plaintiffs" pursuant to 29 U.S.C. § 216(b), so that they can pursue their FLSA claim together with the existing plaintiffs and opt-in plaintiffs in the *Matis* action.

4. For any existing plaintiff in this action (including the named and "opt-in" plaintiffs) who files a written consent to join the *Matis* action within 30 days following the dismissal of this action, the parties agree that the statute of limitations as to his or her individual FLSA claim shall be deemed to have been tolled from the date the individual's consent form was first filed with this court. *See* 29 U.S.C. § 256.

5. For any existing plaintiff in this action (including any named and/or "opt-in" plaintiff) who is subject to the 2012 *We Listen* arbitration agreement and who consents to join the *Matis* action, Defendants reserve the right to seek to compel arbitration of such individual's claim (via a motion to compel arbitration that would be filed in the *Matis* action).

Respectfully submitted this 12th day of January, 2014,

| KENNEDY HODGES, L.L.P. | LITTLER MENDELSON, P.C. |
|---|---|
| By: */s/ Galvin B. Kennedy* <br> Galvin B. Kennedy <br> 711 West Alabama St. <br> Houston, TX 77006 <br> Telephone: (713) 523-0001 <br> Facsimile: (713) 523-1116 | By: */s/ Ethan D. Balsam* <br> Ethan D. Balsam <br> 1150 17th Street N.W., Suite 900 <br> Washington, DC 20036 <br> Telephone: (202) 789-3424 <br> Facsimile: (202) 403-3128 |
| ATTORNEY IN CHARGE <br> FOR PLAINTIFFS | ATTORNEY IN CHARGE <br> FOR DEFENDANTS |